UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
COLLETTE JACKSON,

                Plaintiff,

            - against -

WHITE CASTLE SYSTEM, Inc.,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

15-CV-06378 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Before the Court is Plaintiff Collette Jackson's motion to set aside the verdict and for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"). For the reasons stated herein, Plaintiff's motion is denied.

## **BACKGROUND**[1]

Plaintiff alleges that on January 7, 2014 at about 4:00 p.m., she tripped and fell because of a pothole in the parking lot owned and operated by White Castle located at 89-03 57th Avenue, Elmhurst, New York. (*See* Trial Transcript ("Tr.") at 18-20.) As a result of this alleged incident, Plaintiff claimed that she sustained various injuries to her spine. (*Id.* at 25, 393.) Defendant White Castle System, Inc. ("White Castle") asserted that it was not responsible for the accident because: (1) Ms. Jackson did not present any proof that the pothole existed; (2) Ms. Jackson's accident did not happen on its property; and (3) even if the accident did occur there, White Castle was not responsible for Ms. Jackson's damages. (*Id.* at 30-31, 467-69, 472-73, 480-81.)

---

[1] The Court assumes the parties' familiarity with the underlying facts in this matter. As such, this section provides a brief summary of the background of the case and the relevant procedural history. Substantive evidence elicited during the trial relevant to specific issues is summarized in the discussion section.

On October 15, 2015, Plaintiff commenced this action against White Castle in Queens County Supreme Court, and on November 6, 2015, Defendant removed the action to this Court. (Dkt. 1.) The case was tried over the course of three days. (*See* Minute Entries dated May 15, 2017, May 16, 2017, and May 17, 2017.) After deliberations, the jury returned a verdict finding that White Castle was negligent in not keeping its property, located at 89-03 57th Avenue, Elmhurst, New York, in reasonably safe condition on January 7, 2014, the date Ms. Jackson purportedly fell. (Verdict Sheet, Dkt. 35 at ¶¶ 1-2.) The jury found, however, that Plaintiff had not proven that the unsafe condition, *i.e.*, the pothole on White Castle's property, was a substantial factor in causing her accident. (*Id.* at ¶ 3.)

Plaintiff first objected to the verdict as inconsistent[2] as the jury exited the courtroom, after the verdict was read and the jurors were polled. (*See* Tr. at 547.) The Court then set a briefing schedule for Plaintiff's Rule 59 motion. (*Id.* at 548.) Plaintiff filed her Rule 59 motion on June 13, 2017, arguing that: (1) the verdict was facially inconsistent because it found White Castle negligent with respect to the pothole—which the jury found existed—but that the pothole was not the proximate cause of Ms. Jackson's accident; (2) the inconsistent verdict was against the weight of the evidence; and (3) the inconsistent verdict was reached as a result of juror confusion. (Plaintiff's Memo of Law ("Pl. Br.") Dkt. 43-2 at 1.) Defendant filed its opposition on July 11, 2017. (*See* Dkt. 44.)

---

[2] "'It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury.'" *Cash v. Cty. of Erie*, 654 F.3d 324, 342 (2d Cir. 2011) (quoting *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006)). Here, the Court finds that Plaintiff objected as soon as was practicable, immediately after the jury was excused as they exited the courtroom. (Tr. at 546–48.) Thus, Plaintiff's objection to the verdict on inconsistency grounds was not waived.

**DISCUSSION**

As discussed below, the Court finds that the verdict was not seriously erroneous or a miscarriage of justice. Consequently, Plaintiff's motion for a new trial is denied.

**I.      Legal Standard**

Rule 59(a) empowers a district court to set aside a jury verdict and order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. Rule 59(a)(1). "The decision whether to grant a new trial following a jury trial under Rule 59 is 'committed to the sound discretion of the trial judge.'" *Stoma v. Miller Marine Servs., Inc.*, 271 F. Supp. 2d 429, 431 (E.D.N.Y. 2003) (quoting *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992)). When deciding a Rule 59(a) motion, a district court "may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). Jury verdicts, however, "should be disturbed with great infrequency." *Id.* In particular, when "'a verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent a miscarriage of justice.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 99 (2d Cir. 2014) (quoting *Raedle*, 670 F.3d at 418–19).

**A.      The Verdict Was Not Facially Inconsistent[3]**

Plaintiff argues that the jury's verdict finding that White Castle was negligent by not keeping its property in reasonably safe condition, *i.e.* having a pothole where pedestrians walked, while also

---

[3] Given that this action, sitting in diversity, involves a state law claim for negligence, the Court applies New York law to determine whether the jury's verdict was inconsistent. *See Kosmynka v. Polaris Indus.*, 462 F.3d 74, 86 (2d. Cir. 2006) (applying New York law to jury findings in a negligence case).

3

finding that the pothole was not a substantial cause of Ms. Jackson's accident was "inconsistent on its face because—given the factual evidence introduced in this case as well as the specific instructions given to the jury—the issues of negligence and proximate cause are inextricably linked, and it [was] therefore logically impossible that White Castle's negligence was the cause of the pothole but not a cause of Ms. Jackson's trip on the pothole." (Pl. Br. at 8.)  The Court finds, however, that the verdict was not facially inconsistent, because the verdict can be reconciled with a reasonable view of the evidence—that is, although there was a pothole, Ms. Jackson did not trip on it—and Defendant is entitled to the presumption that the jury adopted this view of the evidence.

"As a general proposition, the issue of whether a defendant's negligence was a proximate cause of an accident is 'separate and distinct' from the issue of negligence." *Saldana v. Sarlo*, 797 N.Y.S.2d 689, 690 (App. Term 2005) (internal quotation omitted).  "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause." *Skowronski v. Mordino*, 771 N.Y.S. 2d 625, 626–27 (App. Div. 2004) (quotation marks and citation omitted). Further, where an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view. *Id.* (alterations, quotation marks, and citation omitted). The Court must "afford due deference to the jury's role as fact-finder, . . . particularly with regard to questions of proximate cause." *Da Biere v. Craig*, 727 N.Y.S. 2d 535. 536 (App. Div. 2001) (alterations, quotation marks, and citation omitted).

Here, a finding of proximate cause did not inevitably flow from the finding that White Castle was negligent in not keeping its property in reasonably safe condition, and a fair interpretation of the

evidence supports the verdict in Defendant's favor. Although Plaintiff proved that there was a pothole on White Castle's property and that White Castle knew of the pothole's existence, the jury also found that the evidence did not establish by a preponderance that the pothole was a substantial factor in causing her accident. (Dkt. 35 at ¶¶ 1–3.) The only evidence on this crucial point was Plaintiff's testimony; Plaintiff proffered no other evidence independently proving, or corroborating her testimony, that she fell in the pothole. The jury was entitled not to believe Plaintiff's testimony. *See ING Glob.*, 757 F.3d at 99 (noting that where the jury's finding largely turned on witness credibility, the jury was free to accept or reject certain evidence and testimony). Indeed, defense counsel argued throughout the trial that Plaintiff's accident had not happened on White Castle's property at all. On cross-examination, Plaintiff testified that she did not report the accident to White Castle at any point after it happened. (Tr. At 284–87.) She also testified that she went to the hospital immediately after the accident, but her medical records showed that she had visited the hospital the day after the alleged accident and that she reported having fallen in the street, not in White Castle's parking lot. (*Id.* at 289-92.) Defense counsel also pointed out several other instances where Plaintiff's testimony was either inconsistent or contradictory to other evidence, which the jury could have found further undermined Plaintiff's credibility. (*See id.* at 273–74, 276–80, 298, 304–07, 427.)

      The jury's verdict in this case is reconcilable with a reasonable view of the evidence. Although the evidence proved that there was a pothole on White Castle's property at the time of Plaintiff's alleged accident, it did not prove that Plaintiff was injured by tripping on the pothole. Defendant is entitled to the presumption that the jury adopted this view of the evidence. Accordingly, the Court finds that "the evidence on the issue of causation did not so preponderate in favor of [P]laintiff that the jury's finding of no proximate cause could not have been reached on any fair interpretation of the evidence[,]" and thus was not inconsistent. *Waild v. Boulos*, 770 N.Y.S.2d 253,

5

255 (App. Div. 2003) (finding that the verdict was not inconsistent where defendant adduced evidence and alluded during summation to alternative theories that were not "inextricably interwoven" to plaintiff's fall); *ING Glob.*, 757 F.3d at 99 (denying Rule 59 motion where evidence offered at trial largely consisted of witness testimony, because although there was some evidence contrary to the jury's finding, the jury was free to reject that evidence and accept evidence presented by other witnesses); *Bakalor v. J.B. Hunt Transport, Inc.*, No. 11–CV–2911, 2013 WL 3185546 at *2 (S.D.N.Y. June 24, 2013) (finding no "irreconcilable inconsistency" in jury verdict that would warrant new trial (citations omitted)); *Brongo v. Town of Greece*, 951 N.Y.S.2d 774, 776 (App. Div. 2012) (finding that the jury's verdict was not inconsistent with a reasonable view of the evidence and that defendant was entitled to the presumption that the jury adopted that view of the evidence, where evidence established that decedent made inconsistent statements before trial about the cause of the accident); *see also Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (instructing that a verdict must be vacated and a new trial ordered only where the verdict is "ineluctably inconsistent" and the jury's answers cannot be "harmonized rationally" (internal quotation marks, citations, and emphasis omitted)).

### B.  The Verdict Was Not Against the Weight of the Evidence

For the reasons discussed above, the verdict was supported by the evidence in the record, and was not against the weight of the evidence. *See Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002) ("[A] decision is against the weight of the evidence, for purposes of a Rule 59 motion, if and only if the verdict is seriously erroneous or a miscarriage of justice."); *Finnegan v. Peter, Sr. & Mary L. Liberatore Family Ltd. P'ship*, 1677, 936 N.Y.S.2d 821, 822 (App. Div. 2011) (finding verdict not against the weight of the evidence where "defendants presented evidence establishing several explanations concerning how the accident could have occurred, all of which were unrelated to the defect in the sidewalk curb that allegedly caused plaintiff to fall.").

6

## C. The Jury was Not Confused

Plaintiff argues that the allegedly inconsistent verdict resulted from juror confusion regarding the legal doctrine of proximate cause and when a finding should be made that a negligent act was the substantial cause of an accident or injury. (Pl. Br. at 15.) Plaintiff argues that the confusion was evidenced by the jury's response to the third question on the verdict sheet, which asked them to find whether "the pothole was a substantial factor in causing [Plaintiff's] accident," and by their request during deliberations to see Ms. Jackson's deposition and court testimony. (*Id.* at 15; Dkt. 35 at ¶ 3.) Plaintiff's claims of jury confusion are unsupported by the record, and as such, the argument fails.

To the extent Plaintiff is objecting to the verdict sheet and/or the jury instruction regarding proximate cause, such objections are waived as Plaintiff did not object to the instruction during trial. *See Morse v. Fusto*, 804 F.3d 538, 552 (2d Cir. 2015), *cert. denied*, 137 S. Ct. 126 (2016) ("The Federal Rules require that an objection . . . 'that is traced to an alleged error in the jury instruction or verdict sheet,' . . . must be made . . . 'before the jury retires to deliberate.' . . . The 'failure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection.'") (quoting *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56–57 (2d Cir. 2002)).

Further, after a review of the record, the Court finds no indication that the jury was confused. Plaintiff's inference that "[p]resumably, the jury wished to review the transcripts to determine whether her testimony regarding her trip and fall in a pothole on White Castle's property was credible," actually supports the view that the jury was not confused. (Pl. Br. at 16.) The jurors evaluated Plaintiff's testimony and credited the testimony that they found credible, *i.e.* Plaintiff's testimony about the existence of the pothole, which was corroborated by other evidence in the record, such as the photographs of the White Castle property showing a pothole. (Trial Exs. 1, 10, and 11.) However, the jury had ample basis not to credit her uncorroborated testimony that the accident occurred on White Castle's property or as a result of her tripping on the pothole, especially given her

7

conduct after the alleged accident, *e.g.*, not reporting it to White Castle and seeking medical treatment a day later, as well as the inconsistencies in her testimony that were brought out during cross-examination. (*See* Tr. 276–79, 285, 289–92.) Accordingly, the Court finds that there is no indication in the record that the jury was confused or that it did not properly weigh the evidence adduced at trial or apply the law as instructed. *See Green v. Groneman*, 634 F. Supp. 2d 274, 277 (E.D.N.Y. 2009) (denying motion for new trial on grounds of juror confusion when the jury submitted no questions conveying confusion, and nothing indicated that the verdict was inconsistent or indicative of juror confusion); *Kaplan v. Cty. of Nassau*, No. 11-CV-3853, 2015 WL 4645331, at *11 (E.D.N.Y. Aug. 4, 2015) (denying motion for a new trial where the verdict was not "inconsistent and present[ed] no evidence of confusion as to the law the jurors were expected to apply.").

## **CONCLUSION**

For the reasons set forth above, the Court finds that the verdict was neither seriously erroneous nor a miscarriage of justice. Accordingly, Plaintiff's motion for a new trial pursuant to Rule 59 is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 19, 2017
Brooklyn, New York